Zimmerman, J.,
 

 dissenting. Granting there may be persuasive arguments on the other side of the question, we can discern no good or sufficient reason why the case of
 
 Wilson
 
 v.
 
 City of Zanesville,
 
 130 Ohio St.,
 
 *544
 
 286, 199 N. E., 187, decided in 1935, should now bo disturbed.
 

 In sustaining the validity of the Zanesville ordinance prescribing closing hours for barber shops, which ordinance is similar to that presently under examination, Judge Williams pointed out clearly and logically in his opinion that such ordinance was not unreasonable, had a real and substantial relation to public health, morals and safety, was a valid exercise of police power and was not violative of constitutional provisions.
 

 On the constitutional phase, the reasoning of Mr. Justice Roberts in
 
 Nebbia
 
 v.
 
 New York,
 
 291 U. S., 502, 78 L. Ed., 940, 54 S. Ct., 505, 89 A. L. R., 1469, representing the modern concept, was closely followed. Compare
 
 West Coast Hotel Co.
 
 v.
 
 Parrish,
 
 300 U. S., 379, 81 L. Ed., 703, 57 S. Ct., 578;
 
 National Labor Relations Bd.
 
 v.
 
 Jones & Laughlin Steel Corp.,
 
 301 U. S., 1, 81 L. Ed., 893, 57 S. Ct., 615;
 
 Great Atlantic & Pacific Tea Co. v. Grosjean, Supervisor of Public Accounts,
 
 301 U. S., 412, 81 L. Ed., 1193, 57 S. Ct., 772.
 

 In the majority opinion the cases of
 
 Wilson
 
 v.
 
 City of Zanesville, supra,
 
 and
 
 Olds v. Klotz,
 
 331 Ohio St., 447, 3 N. E. (2d), 371, are treated as belonging in the same legal category. The implication is that there is no distinction between an ordinance which fixes the closing hours of barber shops and one which fixes the closing hours of grocery stores. But is this so? A barber shop is a place where services of a personal nature are performed by the skilled labor of a barber, while a grocery store is a place where food commodifies are sold by a grocer. .
 

 As has been often stated, labor is not a commodity; it is human life. A real difference exists between tonsorial services and a sale of goods. This is emphasized in the
 
 Olds case,
 
 where the
 
 Wilson case
 
 is distinguished. To confound the two types of activities
 
 *545
 
 by considering each with reference to public health, safety and morals, leads to a confusion of thought.
 

 Since the holding in
 
 Wilson
 
 v.
 
 City of Zanesville, supra,
 
 was announced, a large number of municipal-ties in this state and elsewhere recognizing the salutary effects of such a measure have enacted similar ordinances, and there have been decision's upholding their validity. See
 
 Feldman
 
 v.
 
 City of Cincinnati,
 
 20 F. Supp., 531;
 
 Pearce
 
 v.
 
 Moffatt, Pros. Atty.,
 
 60 Idaho, 370, 92 P. (2d), 146.
 

 In several of the cases to the contrary, spirited dissenting opinions occur. See
 
 Eanes
 
 v.
 
 City of Detroit,
 
 279 Mich., 531, 272 N. W., 896;
 
 Oklahoma City
 
 v.
 
 Johnson,
 
 183 Okla., 430, 82 P. (2d), 1057.
 

 This court having taken a definite and supportable position in relation to the matter at issue, we favor its retention, and therefore dissent from the judsment herein. ^ ,
 

 Weygandt, C. J., and Williams, J., concur in the foregoing dissenting opinion.